**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

**FREDERICK BENET WEBB, JR.**                                                             **PETITIONER**
Reg # 32647-044

VS.                              NO. 2:08-CV-00147-WRW-BD

**T.C. OUTLAW, Warden,**
**Federal Correctional Complex,**
**Forrest City, Arkansas**                                                                    **RESPONDENT**

**RECOMMENDED DISPOSITION**

I.      **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District Judge William R. Wilson, Jr.  Any party may file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the Recommended Disposition.  A copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

1

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**II.     Background:**

Petitioner Frederick Benet Webb, Jr. is currently serving a federal sentence at the Federal Correctional Complex in Forrest City, Arkansas ("FCC-Forrest City"). Petitioner brings this petition for writ of habeas corpus (#1) under 28 U.S.C. § 2241 challenging the manner in which Respondent is executing his sentence. Specifically, Petitioner claims that Respondent improperly removed him from the Bureau of Prisons ("BOP") Residential Drug Abuse Program ("RDAP") and, as a consequence, he is no longer eligible to earn credit toward early release.

Respondent contends the case should be dismissed because of Petitioner's failure to exhaust his administrative remedies. For the reasons that follow, the Court recommends that the District Court dismiss the petition without prejudice to allow Petitioner the opportunity to fully exhaust his administrative remedies.

**III.    Exhaustion of Administrative Remedies:**

The BOP offers the RDAP to inmates identified to have a substance abuse problem. As an incentive for successful completion of the program, Congress enacted 18 U.S.C. § 3621(e), which allows the BOP to reduce nonviolent offenders' sentences by up to one year after completion of the program. 18 U.S.C. § 3621(e)(2)(B). The BOP has

broad authority, under the federal regulations, to manage the drug abuse treatment programs. See 28 C.F.R. § 550.56(d)(2) (giving the drug abuse treatment coordinator the authority to remove an inmate from a program if the inmate behaves disruptively).

Additionally, the BOP is responsible for computing any sentence credits for inmates who complete the RDAP. *United States v. Wilson*, 503 U.S. 329, 335, 112 S.Ct. 1351 (1992). Prisoners are entitled to administrative review of the computation of their credits by the BOP under the procedure set forth in 28 C.F.R. §§ 542.10-542.16. After properly exhausting administrative remedies, an inmate may seek judicial review by filing a habeas corpus petition under 28 U.S.C. § 2241. *Wilson*, 503 U.S. at 335, 112 S.Ct. 1351; *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004). The exhaustion requirement may be waived if the prisoner shows that attempting to exhaust would be futile.

In this case, Petitioner claims that because Respondent has removed him from the RDAP, he will not be eligible to earn credits toward a reduced sentence. Petitioner attaches to his Petition his informal grievances seeking readmission to the RDAP. Petitioner acknowledges, however, that he has not fully exhausted his administrative remedies. (#1 at p. 2, 7-28)

In response to the Petition, Respondent attaches a declaration from James D. Crook. Mr. Crook, a supervisory attorney with the BOP, explains that the BOP has a three-step administrative process set forth in 28 C.F.R. §§ 542.10-542.16 that inmates

must complete before bringing most habeas cases. Mr. Cook states that, according to BOP records, Petitioner has completed the first two steps of the administrative process by filing grievances at the institutional and regional levels, but has not filed an appeal of the Regional Director's response with the Director of National Inmate Appeal in the General Counsel's office in Washington, D.C. in order to fully complete the process.

Petitioner claims that any attempt to follow the formal grievance procedure at this point would be futile because the warden has "already made his decision to side with the RDAP staff" and is making the remaining steps in the administrative process "unavailable."

Petitioner may believe that the administrative process is futile. However, BOP records show that Petitioner has been able to move beyond the institutional level of the grievance process to file a grievance with the Regional Director. If he is not satisfied with the decision of the Regional Director, he may file a grievance with the National Director of Inmate Appeals.

In his reply to the Respondent's answer, Petitioner argues that the Prison Litigation Reform Act, ("PLRA") does not apply to habeas proceedings, and, consequently, he is not required to exhaust his administrative remedies. The premise of this argument is correct. The PLRA does not apply to habeas corpus cases. See *Goodwin v. Cruz*, No. 07-4209, 2007 WL 3375791, at *2 (D.Minn. Nov. 8, 2007) (citing *Skinner v. Wiley*, 355 F.3d 1293, 1294 (11th Cir.), cert. denied, 541 U.S. 1036 (2004)). The conclusion that Petitioner has

reached, however, is incorrect. Even though the PLRA does not apply to habeas cases, federal inmates still are required to exhaust their administrative remedies under longstanding federal case law, including the Eighth Circuit cases cited above, which predate the PLRA. *Id.* These cases confirm that BOP should be permitted an opportunity to fully assess Petitioner's grievance regarding his removal from the RDAP and his eligibility for credit toward early release before a federal court intervenes. See *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000) (per curiam) (district court did not err in denying a federal prisoner's motion seeking credit against his sentence because the prisoner had not exhausted his administrative remedies) (citing *Kendrick v. Carlson*, 995 F.2d 1440, 1447 (8th Cir. 1993) (federal prisoners seeking credit against a sentence must exhaust their administrative remedies before filing a habeas petition)).

      Finally, the Court notes that if Petitioner is not satisfied after completing the administrative process, a habeas petition alleging a violation of the due process clause will likely be futile. The Constitution does not itself afford a prisoner a liberty interest in a reduced sentence, and the United States Supreme Court has held that a convicted person has no constitutional or inherent right to be conditionally released before the expiration of a valid sentence. See *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100 (1979); see also *Sandin v. Conner*, 515 U.S. 472, 487, 115 S.Ct. 2293 (1995) (possibility of early release is not a liberty interest).

Further, 18 U.S.C. § 3621(e) provides that the BOP *may* reduce an inmate's sentence upon completion of the program. Under the statute, the BOP maintains discretion not to reduce the sentence. Accordingly, there is no vested liberty interest on which Petitioner can base a due process claim. See *Staszak v.* Romine, No. 99-2519, 2000 WL 862836, at *1 (8th Cir. June 29, 2000) (affirming district court's dismissal of petition for writ of habeas corpus for lack of a liberty interest where petitioner claimed his due process rights were violated when he was removed from a halfway house and work release program that was part of his drug abuse treatment program).

## IV.   Conclusion:

Because Petitioner has not exhausted his administrative remedies, the Court recommends that the District Court dismiss the petition for writ of habeas corpus without prejudice to permit the Petitioner to pursue his administrative remedies.

IT IS SO ORDERED this 3rd day of December, 2008.

_____
UNITED STATES MAGISTRATE JUDGE